1  P. Chyba
2  c/o: 7734 Madrilena Way
   Carlsbad, California 92009
3  760-895-2782



FILED

AUG 3 1 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

P. CHYBA

    Plaintiff,

vs.

HUGHES, WATTERS & ASKANASE, LLP.; SARAH SPENCER ROBBINS; AUCTION.COM, LLC; JOHN PHILLIP MARQUEZ; AND DOES 1-100,

    Defendants,

Case No. 16 CV 2209 WQH BLM

**PLAINTIFF'S VERIFIED COMPLAINT**

**TO THIS HONORABLE COURT:**

**NOW COMES**, P.Chyba, complaining of Defendants Sarah Spencer Robbins, attorney acting on behalf of and HUGHES, WATTERS & ASKANSASE, LLP. Defendants, John Phillip Marquez, as Trustee, individually and on behalf of Trustee AUCTION.COM, LLC. All defendants hereinafter collectively referred to as "Defendant's" in this verified complaint for the following cause of action as follows:

## PARTIES

1. Plaintiff is a citizen of the state of California.

2. Defendant, JOHN PHILLIP MARQUEZ, as Trustee, citizen of Texas and unregistered with the Secretary of State in TX or CA and located at c/o AUCTION.COM, LLC 1 Mauchly, Irvine, CA 92618.

3. Defendant, AUCTION.COM, LLC an unregistered limited liability company that is not registered with the CA, TX, NV, or DE Secretary of State offices and currently conducting business in Texas and California (exhibit 5).

4. Defendants, HUGHES, WATTERS & ASKANSASE L.L.P. Texas Limited Liability Partnership registered with the Texas Secretary of State. Agent of service and Partner, Wayne Kitchens, 1201 Louisiana Street, 28th Floor, Houston, Texas 77002.

5. Defendant, Sarah Spencer Robbins, Attorney with HUGHES, WATTERS & ASKANASE, L.L.P., 1201 Louisiana Street, 28th Floor, Houston, TX 77002.

## JURISDICTION

6. The court has jurisdiction pursuant to 28 U.S.C.§1332.

7. The plaintiff's property and defendant's trustee's sale location and business location are in Texas.

## AGENCY AND RESPONDEAT SUPERIOR

8. Whenever in this complaint it is alleged that defendant's is, or failed to do, any act, thing and/or omission, it is meant that the defendant itself or its agents, officers, servants, employees, vice principals, or representatives either did or failed to do such act, thing and/or omission, and it was done with full authorization or ratification of defendant, and/or done in the normal routine, course and scope of the agency or employment of defendant or its agents, officers, servants, employees, vice principals, or representatives and/or with actual and/or apparent authority of defendant.

## STATEMENT OF FACTS

9. Plaintiff is owner of the as described below.

10. The property's legal description is LOT 26, Block E, in MIRA LAGOS NO. F-1A, an addition to the city of Grand Prairie, Tarrant County, Texas, according to the plat recorded in Cabinet A, Slide 9026, Plat Records, Tarrant County, Texas.

11. On or about September 8th, 2005, plaintiff executed deed (exhibit 1).

12. On or about November 20th, 2010 plaintiff received a notice of intent to accelerate (exhibit 2) from BAC Home Loans Servicing, LP.

13. On or about February 16th, 2011 plaintiff received a notice of acceleration and notice of trustee's sale (Exhibit 3 & 4).

14. Because defendant's chose to accelerate the loan at that time due to the option to accelerate and there has been no payment sent to defendant's in more than four years, (now, over five and a half years) the enforceability of the lien Deed of Trust is barred by the Statute of Limitations.

15. Defendant's collectively are attempting to sell plaintiff's property at foreclosure sale scheduled for September 6th, 2016 causing plaintiff imminent injury (exhibit 5).

## DECLARATORY RELIEF

16. Plaintiff incorporates by reference the allegation set forth above, as if the same were fully set forth herein.

17. A sale of Property under a mortgage or Deed of Trust must be made within 4 (four) years after the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. §16.035(b). (West 2002). A cause of action does not accrue until "the maturity date of the last note, obligation, or installment." Id §16.035(e). However, if the deed of trust contains an optional acceleration clause, the cause of action accrues and the statute of limitations begins to run when the holder actually exercises its option to accelerate. *Holy Cross Church of God in Christ v. Wolf, 44 S.W. 3d 562, 566-67* (Tex. 2001); *Curtis v. Speck, 130 S.W. 2d 348, 351* (Tex. 1939).

18. Effective acceleration requires two acts: 1. Notice of intent to accelerate and 2.

Notice of acceleration. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W. 3d 566; *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W. 2d 232, 233-34 (Tex. 1982). ("Both types of notices are required.")

19. Plaintiff received notice of intent to accelerate dated November 16th, 2010 (exhibit 2). The letter shows: "If the default is not cured on or before December 16, 2010......**will be accelerated** with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time." Based on the Supreme Court of Texas' holding in McLemore v. Pacific Southwest Bank, FSB, 872 S.W. 2d 286, 291 (Tex. 1994) ("The letter of May 3, 1988, notified McLemore in clear and unequivocal terms of a demand for payment and that nonpayment would result in acceleration on a specific date. This was sufficient notice to McLemore as to Charter's intent to accelerate.")

20. Thereafter on February 16th, 2011 plaintiff received notice of acceleration and notice of trustee's sale (exhibit 3 & 4). The letter dated February 7th, 2011 shows:

> "You were provided with notice of such default and the Mortgagee's intention to accelerate the debt "Debt"[exhibit 2]." And "...the Debt is being accelerated...." and This letter is formal notice of the following:". "Because of this default, the Mortgagee has elected to ACCELERATE the maturity of the Debt." and "The amount of the Debt as of the date of this notice, according to the records of the Mortgage Servicer, is $127,133.87."

21. Given the date of acceleration, the four year statute of limitations would have

started to run on February 7, 2011 and defendant's would have either needed to sell the property/enforce its rights under the deed of trust by February 16, 2015 (over a year and a half ago). Once a note is accelerated that triggers the commencement of the statue of limitations, and because the loan payment was never reinstated following the acceleration, there were no new payments due and thus could be no new default.

22. The attempt of a sale after the expiration of the statute of limitation is therefore barred.

23. Plaintiff hereby claims the Due Process right to have Findings of Fact and Conclusion of Law included for any Order of this Court denying Plaintiff. The United States Supreme Court in *Federal Maritime Commission v. South Carolina States Ports Authority*, 535 U.S. 743 (2002) has held, "The parties are entitled to know the findings and conclusions on all of the issues of fact, law, or discretion presented on the record" (citing *Butz v. Economou*, 438 U.S. 478 [1978]).

24. **WHEREFORE,** Plaintiff prays for:

This court DECLARE the Deed of Trust lien is unenforceable due to defendant's failure to exercise its right under the Deed of Trust within the statute of limitation period.

## **VERIFICATION**

Pursuant to 28 U.S.C. §1746 subdivision 1: I state under penalty of perjury that the foregoing is true and correct.

Date: August 30, 2016

Respectfully submitted,

*schyba*

P. Chyba, Plaintiff